IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-515-D

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** |
| DJINO SERGE FWALA, Individually and d/b/a CLUB EQUATEUR; and EQUATEUR, LLC, a business entity, d/b/a CLUB EQUATEUR, | ) ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff J & J Sports Productions, Inc. ("J & J") filed suit against a bar and its principal pursuant to 47 U.S.C. §§ 553 and 605. Compl. [D.E. 1] ¶¶ 1, 14–15, 21. The complaint also asserts a common law cause of action for conversion. Id. ¶¶ 23–26. J & J alleges that the defendants, Djino Serge Fwala and Equateur, LLC, d/b/a Club Equateur, unlawfully intercepted and exhibited J & J's boxing program to bar patrons. Id. ¶¶ 13, 20. After the defendants failed to answer or move in response to the complaint, the clerk entered default against them on July 9, 2012 [D.E. 15]. J & J now seeks a default judgment awarding it statutory damages under section 605 of $110,000,[1] conversion damages in the amount of $2,800, and attorney's fees under section 605 in the amount of $1,012.50. Pl.'s Mot. Default J. [D.E. 17] ¶¶ 5–6; Browner Decl. [D.E. 17-1] ¶¶ 7–9. As explained below, the court grants J & J's motion for default judgment, but rejects the proposed damages.

---

[1] Although J & J alleges that the defendants violated both sections 553 and 605, it seeks damages only under section 605. Pl.'s Mot. Default J.[D.E. 17] ¶ 5; Browner Decl. [D.E. 17-1] ¶ 7. Recovery under both sections is improper, and this court will award damages only under section 605 even if defendants violated both sections. See, e.g., J & J Sports Prods., Inc. v. Segura, No. 5:12-CV-241-FL, 2013 WL 1498963, at *3 (E.D.N.C. Apr. 10, 2013) (unpublished); KingVision Pay-Per-View, Ltd. v. Las Reynas Restaurant, Inc., No. 4:07-CV-67-D, 2007 WL 2700008, at *1 (E.D.N.C. Sept. 11, 2007) (unpublished).

I.

J & J seeks to recover $110,000 in statutory damages under section 605. See Browner Decl. ¶ 7. Section 605 regulates radio transmissions and prohibits the unauthorized interception or reception of satellite transmissions, including encrypted satellite cable programming. 47 U.S.C. § 605(a)–(b).[2] Under section 605, a plaintiff may recover statutory damages between $1,000 and $10,000 for each violation, "as the court considers just." Id. § 605(e)(3)(C)(i)(II). If the violation was committed willfully and for purposes of commercial advantage or private gain, the court "in its discretion may" award enhanced damages of up to $100,000. Id. § 605(e)(3)(C)(ii).

Under section 605, district courts may award statutory damages between $1,000 and $110,000. Although no single test governs this determination, two primary approaches have emerged. To determine a "just" amount of statutory damages, some courts have looked to the amount the plaintiff would have charged the defendant establishment to sublicense the program, a figure generally based on the establishment's maximum occupancy. See, e.g., J & J Sports Prods., Inc. v. Segura, No. 5:12-CV-241-FL, 2013 WL 1498963, at *3 (E.D.N.C. Apr. 10, 2013) (unpublished); J & J Sports Prods., Inc. v. Bullard, No. 7:12-CV-111-FL, 2012 WL 5844807, at *4 (E.D.N.C. Nov. 19, 2012) (unpublished); J & J Sports Prods., Inc. v. Centro Celvesera La Zaona, LLC, No. 5:11-CV-00069-BR, 2011 WL 5191576, at *2 (E.D.N.C. Nov. 1, 2011) (unpublished). Where the plaintiff calculates its sublicensing fee on a per-patron basis, these courts have multiplied the sublicensing fee by either the defendant establishment's maximum occupancy or the actual number of patrons present at the time of exhibition in order to approximate the amount the plaintiff would have charged. See KingVision Pay-Per-View, Ltd. v. Las Reynas Restaurant, Inc., No. 4:07-CV-67-D, 2007 WL 2700008, at *2 (E.D.N.C. Sept. 11, 2007) (unpublished) (collecting cases).

---

[2] Section 605 provides that "[n]o person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit." 47 U.S.C. § 605(a).

2

Generally, these courts then multiply the "just" amount by a factor of three to five to account for the willfulness of the defendant's violation. See Segura, 2013 WL 1498963, at *4 (factor of three); Bullard, 2012 WL 5844807, at *4 (factor of three); Joe Hand Promotions, Inc. v. Coaches Sports Bar, 812 F. Supp. 2d 702, 705 (E.D.N.C. 2011) (factor of three); Las Reynas, 2007 WL 2700008, at *3 (factor of three); Entm't by J & J, Inc. v. Gridiron, Inc., 232 F. Supp. 2d 679, 681 (S.D. W. Va. 2001) (factor of five); KingVision Pay-Per-View, Ltd. v. Admiral's Anchor, Inc. No. 2, 172 F. Supp. 2d 810, 812 (S.D. W. Va. 2001) (factor of five). Other courts simply award a flat sum, which may or may not include enhanced damages. See Las Reynas, 2007 WL 2700008, at *3 (collecting cases).

J & J's requested damages are too high under either approach. Preliminarily, J & J cannot recover against Fwala. J & J has not pleaded any allegations against Fwala individually. Indeed, apart from stating that Fwala is the bar's principal, the complaint does not mention him. See Compl. ¶ 6. The affidavits and memoranda also fail to detail Fwala's participation in the offending conduct. Absent allegations that Fwala authorized, directed, or supervised the illegal interception, J & J cannot establish Fwala's individual liability. See Centro Celvesera, 2011 WL 5191576, at *3; Coaches Sports Bar, 812 F. Supp. 2d at 703; Las Reynas, 2007 WL 2700008, at *1. Thus, the court awards damages only against Equateur, LLC.

J & J calculates rates for its legally acquired contracts based on the establishment's maximum occupancy. See [D.E. 17-2] 10. An establishment seating up to 100 people would have had to pay J & J a sublicensing fee of $800 to broadcast the boxing program that Club Equateur illegally intercepted. Id. J & J's investigator estimated the total capacity of Club Equateur at 50 to 75 people and counted between 5 and 22 people present during the illegal broadcast. See [D.E. 17-3] 1. Accordingly, the court estimates damages of $800. Because the statutory minimum under section 605(e)(3)(C)(i)(II) is $1,000, however, the court awards $1,000.

As for enhancement under section 605(e)(3)(C)(ii), Club Equateur intercepted and broadcasted plaintiff's boxing program willfully and for purposes of commercial advantage. See

3

Compl. ¶ 13. Because defendants are in default, see [D.E. 15], the court accepts plaintiff's well pleaded allegations of fact as true. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). Plaintiff's president, Joseph Gagliardi, stated in an affidavit that the defendants could not have mistakenly, innocently, or accidentally intercepted the boxing program. See Gagliardi Aff. [D.E. 17-2] 3 ¶ 9. Club Equateur used the fight to entertain patrons purchasing beverages and food. Thus, enhanced damages are appropriate.

Section 605 affords district courts considerable discretion in determining the amount of additional damages to be awarded due to a defendant's willful violation. To assess the appropriate amount of enhanced damages, the court considers several factors, including "repeated violations over an extended period of time; substantial unlawful monetary gains; significant actual damages to plaintiff; defendant's advertising for the intended broadcast of the event; and defendant's charging a cover charge or charging premiums for food and drinks." Segura, 2013 WL 1498963, at *4 (internal quotation marks omitted); see, e.g., Las Reynas, 2007 WL 2700008, at *3; cf. DirecTV, Inc. v. Rawlins, 523 F.3d 318, 330 (4th Cir. 2008) (describing factors to consider in awarding statutory damages under 18 U.S.C. § 2520(c)(2)). In Rawlins, the Fourth Circuit directed district courts to consider the following factors when exercising their discretion to award statutory damages: (1) the extent of the defendant's violation, as evidenced by the plaintiff's affidavit; (2) the relative financial burdens of the parties; and (3) whether the damages award serves a useful purpose. Id. at 330. The court also instructed district courts to weigh these factors "against the backdrop of the seriousness with which Congress has treated the underlying conduct at issue." Id.

In light of these considerations, the court multiplies $1,000 by a willfulness factor of three for total damages of $3,000 against Equateur, LLC. J & J does not allege that the defendants promoted the fight, charged a cover fee, or otherwise received a substantial unlawful monetary gain from the broadcast. See Gagliardi Aff. ¶¶ 14–17. Nor does J & J allege that Equateur, LLC is a repeat offender. Absent aggravating factors, allowing J & J to recover the statutory maximum

4

damages award under section 605 would be excessive and inconsistent with awards in similar cases. See, e.g., Las Reynas, 2007 WL 2700008, at *3. A damages award of $3,000 is appropriate given the circumstances and the need to deter future violations. Cf. Rawlins, 523 F.3d at 330.

When a district court chooses to award statutory damages under section 605, it must award full costs, including reasonable attorneys' fees, to the prevailing plaintiff. See 47 U.S.C. § 605(e)(3)(B)(iii). J & J seeks to recover $1,012.50 in attorneys' fees, the product of 4.5 hours of work at $225/hour. See Browner Decl. ¶¶ 7–9. The court determines that this amount is reasonable and grants J & J's request for these fees. See, e.g., Segura, 2013 WL 1498963, at *4; Bullard, 2012 WL 5844807, at *4.

J & J also seeks to recover all costs of suit, including the filing fee, service of process fees, and investigative costs. See Compl. 7; Browner Decl. ¶ 7. J & J, however, did not incur service of process fees. See [D.E. 10–11]. As for investigation costs, neither the complaint nor the motion for default judgment indicates the amount J & J seeks to recover, beyond noting the "considerable expense" incurred. See Gagliardi Aff. ¶ 6. Consequently, the court awards only the $350 filing fee. See [D.E. 1].

Finally, the court denies J & J's request for conversion damages. An aggrieved plaintiff cannot recover conversion damages in addition to actual or statutory damages under section 605, as to award both would permit a "double recovery." See, e.g., Segura, 2013 WL 1498963, at *4; Bullard, 2012 WL 5844807, at *5; see also Joe Hand Promotions, Inc. v. Hanaro Bethesda, Inc., Civil Action No. WGC–11–191, 2012 WL 2366378, at *7 (D. Md. June 20, 2012) (unpublished); J & J Sports Prods., Inc. v. Romenski, 845 F. Supp. 2d 703, 707 (W.D.N.C. 2012); J & J Sports Prods., Inc. v. J.R.'Z Neighborhood Sports Grille, Inc., C.A. No. 2:09-03141-DCN-RSC, 2010 WL 1838432, at *2 (D.S.C. Apr. 5, 2010) (unpublished), report and recommendation adopted, 2010 WL 1838428 (D.S.C. May 6, 2010) (unpublished). Because statutory damages serve to compensate the

plaintiff and deter future violations, conversion damages would serve no useful purpose. Cf. Rawlins, 523 F.3d at 330.

II.

In sum, J & J's motion for default judgment [D.E. 17] is GRANTED. The clerk shall ENTER judgment for J & J against Equateur, LLC in the amount of $3,000 in statutory damages, $1,012.50 in attorneys' fees, and $350 in costs. Defendant Djino Serge Fwala is not individually liable for the judgment. The clerk shall close the case.

SO ORDERED. This **23** day of September 2013.

JAMES C. DEVER III
Chief United States District Judge